Craig Solomon Ganz (Bar No. 023650)
Michael A. DiGiacomo (Bar No. 032251)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
ganzc@ballardspahr.com
digiacomom@ballardspahr.com
Telephone: 602.798.5400
Facsimile: 602.798.5595

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SCF RC Funding I, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GKRM, Inc.; GK Management, Inc.; and James D. Graves,<br><br>    Defendants. | Case No. CV-20-1145-PHX-DLR<br><br>**MOTION FOR ALTERNATIVE SERVICE AS TO DEFENDANT JAMES D. GRAVES** |

Plaintiff SCF RC Funding I, LLC ("SCF" or "Plaintiff"), by and through undersigned counsel, seeks an order of this Court to allow service of the Summons and Complaint in this matter upon Defendant James D. Graves, ("Defendant" or "Graves") by alternative means pursuant to Fed. R. Civ. P. 4(e)(1) and Ariz. R. Civ. P. 4.1(k). In support of this motion, Plaintiff states as follows:

**I. FACTUAL BACKGROUND**

On June 9, 2020, SCF filed its complaint ("Complaint") against defendants GKRM, Inc., GK Management, Inc., and James D. Graves. *See* ECF 1. On June 9, 2020, summonses for GKRM, Inc., GK Management, Inc., and James D. Graves were issued by this Court. See ECF 5. According to the Guaranty referenced in the Complaint, Defendant Graves' address is 2675 Shumard Oak Drive, Braselton, GA 30517 (the "Last Known Address"). This address is also found on the Registered Agent Information listed by the Georgia Corporation Commission, attached hereto as **Exhibit A**.

**1.     Plaintiff's Efforts to Serve Defendant**

On June 13, 2020 at 8:01 p.m., Plaintiff's process server attempted to serve the Summons and Complaint on Graves at the Last Known Address.  The process server spoke with the current tenant at the Last Known Address who does not know Graves.  The process server's attempt to serve Graves are documented in the Certificates of Due Diligence attached hereto as **Exhibit B**.

Plaintiff attempted to serve Graves at a second address, 2095 Hwy 211 NW, #2F-362, Braselton, GA 30517 (the "Notice Address"), which was listed for service of notices by Graves on the Unconditional Guaranty of Payment and Performance.  On June 17, 2020 at 11:28 a.m., Plaintiff's process server made an attempt to serve the Summons and Complaint upon Graves at the Notice Address.  The process server found that the address is a UPS store private mailbox center and was thus unable to serve Graves.  *See* Exhibit A, Certificates of Due Diligence.

On July 3, 2020 at 6:53 p.m., Plaintiff's process server attempted service upon Graves at a third address, 2495 Shumard Oak Drive, Braselton, GA 30517 (the "Braselton Address").  Plaintiff determined the Braselton Address as a possible address for Graves via a skip trace.  Graves was personally served at the Braselton Address in a prior lawsuit.  *See SCF RC Funding 1, LLC v. GK Management, et al.*, Case No. 19-cv-03292, United Stated District Court for the Eastern District of New York.  A true and correct copy of the Affidavit of Service of Defendant Graves in the prior action is attached hereto as **Exhibit C**.  The process server found no answer at the location.  Plaintiff's process server made a second attempt at the Braselton Address on July 8, 2020 at 2:00 p.m., at which time the process server made contact with the current occupant, who moved into said location in May 2020 and has never heard of Graves.  *See* Exhibit B, Certificates of Due Diligence.

Plaintiff located a fourth potential address for Defendant, 414 Delaperriere Loop, Jefferson, GA 30549 (the "Jefferson Address").  The Jefferson Address is listed as the address for Graves as chief financial officer of GK Management, Inc. with the Georgia

Secretary of State's office. On July 28, 2020 at 8:00 p.m., Plaintiff's process server attempted to serve the Summons and Complaint upon Graves at the Jefferson Address. Plaintiff's process server made a second attempt at the Jefferson Address on July 30, 2020 at 4:45 p.m. On both said attempts at service, the process server found no answer or activity at the Jefferson Address. On August 2, 2020 at 6:44 p.m., Plaintiff's process server made a third attempt to serve the Summons and Complaint upon Graves at the Jefferson Address. The process server found no activity once again, but found packages addressed to unrelated persons at the door of the Jefferson Address. *See* Exhibit A, Certificates of Due Diligence.

### 2. Plaintiff's Other Due Diligence Efforts

Plaintiff conducted an Asset and Lien search on Graves on June 30, 2020. The results of this search provided the potential addresses for service as detailed above. Plaintiff has made service attempts at all of the potential addresses found for Graves.

Plaintiff is unable to locate any alternative addresses for service upon Graves. Upon information and belief, Graves resides in or near Braselton, Georgia. Searches performed with this information do not provide any additional information helpful for locating Graves for service. The Plaintiff has made extensive efforts to serve Graves with no success.

### 3. Defendant Graves is the Registered Agent, CEO, and Secretary of Defendant GKRM, Inc.

Defendant James D. Graves is the Registered Agent, as well as the CEO and Secretary, for Defendant GKRM, Inc. Graves is on notice of this lawsuit, in his capacity as CEO and Secretary, based on Plaintiff's service of the complaint and summons on Defendant GKRM, Inc. Plaintiff effected service upon Defendant GKRM, Inc. pursuant to Fed. R. Civ. P. 4(e)(1) and O.C.G.A. § 9-11-4(e)(a) through the Georgia Secretary of State. *See* ECF 14.

## II. ARGUMENT

### 1. The Federal Rules of Civil Procedure and the Arizona Rules of Civil Procedure Permit Service of a Defendant by Means Other Than Personal Service

An individual may be served in a judicial district of the United States "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). A corporation must be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer or managing or general agent. Fed. R. Civ. P. 4(h)(1).

In Arizona, the primary method of obtaining personal jurisdiction over a defendant is by causing a summons and complaint to be personally served according Ariz. R. Civ. P. 4.1(d)(1) – (3). According to Ariz. R. Civ. P. 4.1(k), upon a showing that other means of service authorized by Rule 4.1 are impracticable, "the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner."

Here, service by publication is appropriate given the lack of accurate address information for service upon Defendant James D. Graves. Plaintiff has engaged in extensive efforts to serve Graves, at significant unnecessary cost, and has been unable to effect service pursuant to Fed. R. Civ. P. 4. Plaintiff has attempted service at different dates and times, at multiple verified addresses.

### 2. The Court Should Allow Service by Publication

Alternative service is permitted if service is shown to be impracticable, but it need not be impossible. Ariz. R. Civ. P. 4.1(k)(1); *Blair v. Burgener*, 226 Ariz. 213, 218, 245 P.3d 898, 903 (Ct. App. 2010). Despite reasonably diligent efforts, service upon Graves has proven impracticable given the multiple attempts at service at the Last Known

Address, Notice Address, Braselton Address, and Jefferson Address (together, "All Known Addresses"). Rule 4.1(k)(1), Ariz. R. Civ. P. states as follows:

> If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may--on motion and without notice to the person to be served--order that service may be accomplished in another manner.

Rule 4.2(f), Ariz. R. Civ. P. states as follows:

> A party may serve a person by publication only if:
>
> (A) the last-known address of the person to be served is outside Arizona but:
>
> (i) the serving party, despite reasonably diligent efforts, has not been able to ascertain the person's current address; or
>
> (ii) the person has intentionally avoided service of process; and
>
> (B) service by publication is the best means practicable in the circumstances for providing notice to the person of the action's commencement.

Plaintiff therefore requests that the Court allow alternative service of the Summons and Complaint and subsequent pleadings and papers required to be served upon Graves to be served by publication under Ariz. R. Civ. P. 4.1(l) and 4.2(f).

### III. CONCLUSION

The proposed alternative methods of service are appropriate given the law, the rules of civil procedure, and the circumstances of this case. For all the foregoing reasons, Plaintiff respectfully requests this Court enter an order allowing alternative service upon Graves in this matter.

WHEREFORE, Plaintiff respectfully requests an Order:

1. Granting Plaintiff's Motion for Alternative Service;

2. Permitting Plaintiff to accomplish service upon Defendant James D. Graves by publication, and by mailing a copy of the Summons, Complaint, and the Service Order to All Known Addresses;

3. And such further relief as this Court sees just and proper.

RESPECTFULLY SUBMITTED this 27th day of August, 2020.

        BALLARD SPAHR LLP

        By: */s/ Michael A. DiGiacomo*
          Craig Solomon Ganz
          Michael A. DiGiacomo
          1 East Washington Street, Suite 2300
          Phoenix, AZ 85004-2555

        *Attorneys for Plaintiff*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ  85004-2555

**CERTIFICATE OF SERVICE**

COPY of the foregoing electronically filed and transmitted via CM/ECF this 27th day of August 2020 to all parties requesting notice in this case.

By: */s/ Tasha Hart*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555